**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA ESQUEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC COLLECTION CREDIT BUREAU, LLC,<br><br>　　　　Defendant. | Case No.  2:21-cv-01708<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2.  VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW COMES Plaintiff, BRENDA ESQUEDA ("Plaintiff"), by and through her attorneys, complaining as to the conduct of PACIFIC COLLECTION CREDIT BUREAU, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

1

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4.  Plaintiff is a disabled consumer over 18-years-of-age residing in Los Angeles County, California, which is located within the Central District of California.

5. Defendant is a "fully accredited, service-oriented agency specializing in all types of debt recovery."[1]  Defendant is a limited liability company organized under the laws of the state of California with its principal place of business located at 20048 Arminta Street, Winnetka, California 91306.  Defendant regularly collects upon consumers located within the State of California.

---

[1] https://www.pacificcollectioncredit.com/services.html

2

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   The instant actions stems from Defendant's attempts to collect upon past due payments ("subject debt") Plaintiff purportedly owes in connection with medical services she received from Gastro Care Institute.

8.   Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was assigned to or otherwise turned over to Defendant for collection purposes.

9.   On or about November 7, 2020, Defendant sent Plaintiff a collection letter ("November 7 Letter") attempting to collect upon the subject debt.

10. The November 7, 2020 stated, "[t]his is an attempt to collect a debt.  Any information obtained will be used for that purpose."

11. Plaintiff did not recall who Defendant was prior to receiving the November 7 Letter.

12. Yet, the November 7 Letter disclaims in bold, capital letters, "**FINAL NOTICE**," and informed Plaintiff that "over the next ten (10) days a decision will be made as to which of the various collection alternatives should be initiated to recovery our client's funds.  As perhaps you are not aware, legal action is one of these alternatives."

3

13. Given Defendant's language, the November 7 Letter was not the first written communication Plaintiff received from Defendant in connection with the subject debt.

14. Plaintiff became worried when reading the November 7 Letter, as she did not know what Defendant's status was with regard to the subject debt, especially given its threats of legal action.

15. Plaintiff's confusion was exacerbated by her inability to recall who Defendant was or any previous contacts she had with Defendant.

16. On or about December 4, 2020, Defendant sent Plaintiff a *subsequent* collection letter ("December 4 Letter") attempting to collect upon the subject debt.

17. Defendant's December 4 Letter included the identical disclaimer and language that was present in the November 7 Letter, however, the balance set forth in the December 4 Letter was approximately $10.00 greater.

18. Plaintiff did not believe that the subject debt was variable (i.e. accruing interest and/or charges), but yet, given the increase in the balance of the subject debt, Plaintiff was unsure as to where this additional amount was coming from.

19. To add to Plaintiff's confusion, Defendant's November 7 Letter did not mention that, due to any accruing interest and/or charges, the amount due on the day Plaintiff actually remits payment may be greater than the amounts reflected in that letter.

4

20. Defendant's conduct was misleading to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it left Plaintiff guessing as to her obligations in connection with the subject debt and whether the subject debt was legitimate.

21. Moreover, both the November 7 Letter and the December 4 Letter, which constitute subsequent communication[s] under the FDCPA, failed to disclose to Plaintiff that the communication was from a debt collector.

22. Pursuant to 15 U.S.C. § 1692e(11), debt collectors are required to disclose to consumers, in subsequent communications, that such communications are from a debt collector.

23. Defendant's attempts to tell Plaintiff what it does is a far cry from informing Plaintiff who it is, as required by the FDCPA.

24. Defendant's failure to include this disclosure created confusion for Plaintiff as the letter does not clearly indicate Defendant's status as a debt collector.

25. Plaintiff suffered concrete harm as a result of Defendant's actions, as she was deprived substantive information required to be provided under the FDCPA in a manner that posed a material risk of harm to Plaintiff's interests provided under the FDCPA.

26. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

5

27. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

28. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

29. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

30. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant further qualifies as a debt collector because it is a business whose principal purpose of which is the collection of debts.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it is an obligation or alleged obligation arising out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

37. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in the November 7 and December 4 Letters. By failing to disclose itself as a debt collector, Defendant directly violated § 1692e(11), and further misleadingly attempted to conceal Plaintiff's rights under the FDCPA and the nature of Defendant's role in connection with the subject debt by obfuscating its status as a debt collector.

38. Defendant further violated §§ 1692e, e(2)(A), e(10), and f through its false and deceptive representations regarding the total balance of the subject debt in its November 7 and December 4 Letters.  The balance between the two letters increased relatively significantly in less than one month.  Yet, nowhere in Defendant's letters does Defendant explain the reason for the increase, so Plaintiff was left guessing as to her actual obligations with regard to the subject debt, and whether Defendant's collection efforts were legitimate.

**b.  Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector.

41. Defendant further violated § 1692f when it unfairly represented the balance of the subject debt without disclosing the reason for the increase. This material omission left Plaintiff guessing as to her obligations in connection with the subject debt and whether Defendant's collection efforts were legitimate.

WHEREFORE, Plaintiff, BRENDA ESQUEDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

8

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42.  Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43.  Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

44.  The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

45.  Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.  Violations of RFDCPA § 1788.10 -1788.17**

46.  The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

47. As outlined above, through its false, misleading and deceptive attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e and f. By failing to disclose itself as a debt collector, Defendant directly violated § 1692e(11) of the FDCPA, and further misleadingly attempted to conceal Plaintiff's rights and the nature of Defendant's role in connection with the subject debt by obfuscating its status as a debt collector. Moreover, Defendant deceptive and unexplained increase of the balance of the subject debt caused Plaintiff confusion as to where this additional amount was coming from, and whether Defendant's collection attempts were legitimate.

48. Defendant willfully and knowingly violated the RFDCPA through its deceptive and misleading collection letters. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, BRENDA ESQUEDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

1

2
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

3
e. Enjoining Defendant from further contacting Plaintiff; and

4

5
f. Award any other relief as the Honorable Court deems just and proper.

6
Dated: February 24, 2021          Respectfully submitted,

7

8
By: /s/ Neda Farah
Neda Farah, Esq.

9
**FARAH LAW, P.C.**
265 S. Doheny Dr., Suite 102

10
Beverly Hills, California 90211

11
Telephone: 310-666-3786
Facsimile: 775-261-1726

12
E-Mail: neda@nedafarahlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28